UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN LAMAY, f/k/a
LYNN A SEPURA-LAMAY, an individual,

       Case No. 13-13785
   Plaintiff,       Hon. Lawrence P. Zatkoff
v.

THE BANK OF NEW YORK MELLON f/k/a
THE BANK OF NEW YORK AS TRUSTEE
FOR THE CERTIFICATE HOLDERS OF CWBS,
INC., CHL MORTGAGE PASS-THROUGH
TRUST 2005-13, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-13 and BANK
OF AMERICA,

   Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on April 24, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on a Motion for Summary Judgment/Dismissal from Defendants BNYM[1] and Bank of America [dkt 7]. Defendants filed this motion on October 14, 2013. When Plaintiff failed to respond after several stipulated extensions, the Court issued a show cause order on March 3, 2014 [dkt 12]. The parties subsequently filed a stipulation, whereby Plaintiff was given an additional 30 days to respond. Despite being provided with this ample time to respond, Plaintiff has still failed to do so. The Court finds that the facts and legal

---

[1] Throughout this opinion, Defendant The Bank of New York Mellon, fka The Bank of New York as Trustee for the Certificate Holders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2005-13, Mortgage Pass-Through Certificates Series 2005-13, is referred to as "Defendant BNYM."

arguments are adequately presented such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the brief submitted, without oral argument. For the following reasons, Defendants' motion is GRANTED.

## II. BACKGROUND

### A. FACTUAL BACKGROUND

On April 11, 2005, Lynn A. Sepura-Lamay aka Lynn Lamay ("Plaintiff") and Stephen C. Lamay, husband and wife, gave a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"). This mortgage was recorded on April 29, 2005 in the Livingston County Records (the "Mortgage"). The Mortgage encumbered the property and premises at 5589 Wyndam Ln., Brighton, MI 48116 (the "Property"), and contained a valid power of sale clause. The Mortgage was thereafter assigned to Defendant BNYM by an assignment dated November 3, 2011, and recorded on November 18, 2011.

Following a default of the Mortgage, a foreclosure sale took place on October 17, 2012. Notice of the sale was published in the *Gannett Michigan Newspapers* on January 26, February 2, February 9, and February 16 of 2012, and posted to the Property on February 3, 2012. The sale was adjourned on a week by week basis. A sheriff's sale was held on October 17, 2012, and a Sheriff's Deed was recorded on October 26, 2012. The six month redemption period expired on April 26, 2013.

### B. PROCEDURAL BACKGROUND

Defendant filed a complaint for termination of tenancy with the 53rd District Court of Michigan. The 53rd District Court stayed the summary proceeding due to Plaintiff's filing of the present action. Plaintiff's complaint alleges Defendants violated the Home Affordable

Modification Program (Count I), breached their contractual obligations to fairly consider Plaintiff for a mortgage modification (Count II), committed fraud in dealings concerning Plaintiff's ability to receive a loan modification (Count III), violated Michigan law by failing to demonstrate ownership of the Mortgage and failing to properly consider Plaintiff for a modified mortgage (Count IV and Count VI), violated the Real Estate Settlement Procedures Act (Count VII), and violated the Truth in Lending Act and committed fraud during the original closing on the Mortgage (Counts VIII – X[2]).

### III. LEGAL STANDARD

#### A. FED. R. CIV. P. 12(b)(6)

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a party's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that party's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the party pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *Id.* at 556. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[2] The Plaintiff's complaint contains three different counts titled "Count VIII." The Court refers to these claims as "Counts VIII – X."

**B. FED. R. CIV. P. 56**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, and all inferences should be made in favor of the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party discharges its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325).

Once the moving party has met its burden of production, the burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (citing Fed. R. Civ. P. 56(e)). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV. ANALYSIS

Defendants assert that the Plaintiff's complaint must be dismissed, as it is untimely. The sheriff's sale of the Property occurred on October 17, 2012, and the six month redemption period expired on April 17, 2013. *See* Mich. Comp. Laws § 600.3240. Plaintiff failed, during the redemption period, to challenge the foreclosure sale. With limited exceptions, post redemption challenges to foreclosures are not allowed. *See Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) ("Michigan Courts have held that once the statutory redemption period lapses, they can only entertain the setting aside of a foreclosure sale where the mortgagor has made a 'clear showing of fraud or irregularity.'") (internal citations omitted). Additionally, "not just any type of fraud will suffice. Rather, 'the misconduct must relate to the foreclosure procedure itself.'" *Id.*, at 360 (internal quotations omitted).

The Court finds that Plaintiff's complaint falls outside the six month redemption period. Upon careful consideration of the materials provided in this case, the Court further finds that Plaintiff has failed to allege any fraud or irregularity with regard to the foreclosure sale. Finally, the Court finds that dismissal of Plaintiff's complaint is warranted on this basis alone. *See Conlin*, 714 F.3d at 362.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment/Dismissal [dkt 7] is GRANTED.

IT IS SO ORDERED.

                                                s/Lawrence P. Zatkoff
                                                HON. LAWRENCE P. ZATKOFF
Date: April 24, 2014              U.S. DISTRICT JUDGE